1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BENITO MARQUEZ,                    Case No. CV 15-7911 R (SS)

12              Plaintiff,             **MEMORANDUM AND ORDER**

13      v.                            **DISMISSING COMPLAINT WITH**

14  L. MCEWEN, et al.,                 **LEAVE TO AMEND**

15              Defendants.

16

17                              **I.**

18                          **INTRODUCTION**

19

20      On October 8, 2015, Plaintiff Benito Marquez ("Plaintiff")

21  filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the

22  "Complaint") against various defendants.  For the reasons stated

23  below, the Complaint is dismissed with leave to amend.[1]

24

25

26

27  ─────────────────────
    [1] Magistrate judges may dismiss a complaint with leave to amend
28  without approval of the district judge.  See McKeever v. Block,
    932 F.2d 795, 795 (9th Cir. 1991).

1    Congress mandates that district courts initially screen
2    civil complaints filed by prisoners seeking redress from a
3    governmental entity or employee. 28 U.S.C. § 1915A(b). This
4    Court may dismiss such a complaint, or any portions thereof,
5    before service of process if the Court concludes that the
6    complaint (1) is frivolous or malicious, (2) fails to state a
7    claim upon which relief can be granted, or (3) seeks monetary
8    relief from a defendant who is immune from such relief. 28
9    U.S.C. § 1915A(b) (1)-(2); see also Lopez v. Smith, 203 F.3d
10   1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

11

12                              **II.**

13            **ALLEGATIONS AND CLAIMS OF THE COMPLAINT**

14

15   Plaintiff sues the following employees of the California
16   State Prison, Los Angeles County (the "Prison") in both their
17   individual and official capacities: (1) Acting Warden L. McEwen;
18   (2) correctional officer R. Aguirre; and (2) medical doctor J.
19   Fitter (collectively "Defendants"). (Complaint at 3).[2]

20

21   On July 21, 2012, while Plaintiff was using the inmate
22   telephone at the Prison, a fight took place fifteen yards away.
23   (Id. at 5, 11). Although Plaintiff was not involved in the
24   fight, Aguirre, who was supervised by McEwen, "shot and fired (1)
25   [r]ound of [d]irect [i]mpact XM 1006 projectile from his state
26

27   [2] Plaintiff attaches several pages and exhibits to the civil
     rights complaint form. For ease of reference, the Court refers
28   to these pages as if consecutively numbered.

                                 2

1  issued 40mm (millimeter) [l]auncher, striking Plaintiff causing

2  him to drop and fall in pain and agony in fear of other

3  unprovoked[d] trauma by way of fire arms." (Id.).

4

5      The Complaint raises two claims.[3]  In Claim One, Plaintiff

6  claims that Defendants violated his Eighth Amendment Rights.

7  (Id. at 5, 11-17).  Plaintiff claims Aguirre used excessive force

8  when he "raised his weapon and deliberately shot" Plaintiff in

9  the lower right leg, and did so to "cause harm not to restore

10 discipline or order."  (Id. at 12-15).  Plaintiff next claims

11 that McEwen is liable for Aguirre's actions because he failed to

12 maintain the "safety and security of all inmates" by way of

13 establishing policies, rules and or train[]ing to staff in proper

14 usage of equipment such as the 40mm Launcher use[d] to strike

15 Plaintiff to do so."  (Id. at 11-12).  According to Plaintiff,

16 McEwen failed to train Aguirre and failed to prevent Plaintiff

17 from suffering harm.  (Id.).  Finally, Plaintiff claims that

18 Fitter was deliberately indifferent to his medical needs because

19 Fitter knew he had an "open would and should not apply pressure

20 on my right leg," yet he "refuse[d] to stitch my wound causing my

21 wound to become infected" and "refuse[d] to order me a walking

22 cane to relieve my injured leg from pain due to the pressure

23 inflicted by walking back and [f]orth over a qua[r]ter mile to

24 the [f]ood [h]all to eat."  (Id. at 16-17).

25

26

_____

27 [3] The principal source of the facts underlying Plaintiff's claims
   are included several pages attached to the Complaint.  (See
28 Complaint at 11-23).

Although the Complaint is unclear, in claim two, Plaintiff principally alleges that Defendants violated his Fourteenth Amendment due process rights by failing to comply with certain state prison procedures, laws or policies. (Id. at 19-23). More specifically, Plaintiff alleges that McEwen failed to comply with "state procedure in properly training his employee (officers) on the correct use of force" and that he "set forth policies . . . that allowed officers to use excessive force." (Id. at 19-20). Plaintiff next contends that Aguirre failed to follow certain "state law and policy" regarding the use of force and safety and control of the inmates. (Id. at 20-12, citing to California Code of Regulations title 15, sections 3268 (use of force), 3271 (responsibility of employees) and 3278 (control of inmates)). Finally, Plaintiff alleges that medical doctor Fitter violated "state policy" and "state procedure" by denying him "relief by way of medical treatment." (Id. at 21-23, citing to California Code of Regulations title 15, section 3271 (safety of all inmates)).

Plaintiff seeks a "declaration that the acts and omissions described herein violated [his] rights under the Constitution," a "preliminary and permanent injunction ordering defendants (L. McEwen and A. Aguirre) to no longer use 40mm Launcher in the dayroom of [the] institution buildings[] without first using [g]as cans," compensatory damages of $100,000.00, punitive damages of $20,000.00 against each defendant, a jury trial, "cost in this suit," and "[a]ny additional relief this court deems just, proper, and equitable." (Id. at 6).

**III.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to defects in pleading. <u>Pro se</u> litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. <u>Lopez</u>, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.    Plaintiff Fails To State A Claim Against Defendant Fitter In His Official Capacity**

Plaintiff sues all Defendants in both their individual and official capacities. Plaintiff seeks compensatory and punitive damages and cost of suit from each Defendant, as well as a declaration that their acts violated the Constitution. (Complaint at 6). Plaintiff also seeks injunctive relief, but only against Defendants McEwen and Aguirre. (<u>Id.</u>).

Pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990); <u>Brown v. Cal. Dept. of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). "[A] suit against a state official in his or her official capacity . . . is no different from a suit

5

against the State itself." <u>Flint v. Dennison</u>, 488 F.3d 816, 824–25 (9th Cir. 2007) (citation omitted). Therefore, state officials sued in their official capacity are generally entitled to immunity. <u>Id.</u> at 825. However, state officials sued in their official capacity are considered "person[s]" when they are sued for prospective injunctive relief under section 1983, and the Eleventh Amendment does not bar such claims. <u>Id.</u> (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985)).

Defendant Fitter is a state employee sued in his official capacity, for monetary damages only. (Complaint at 3-5). Plaintiff does not seek injunctive relief against Fitter warranting an exception to the Eleventh Amendment bar. (<u>Id.</u> at 6). Therefore, Plaintiff's official capacity claim against Fitter is functionally a suit against the state of California. Accordingly, Plaintiff's claim against Fitter in his official capacity is barred by the Eleventh Amendment and must be dismissed.

**B.** **The Complaint Fails To State A Claim For Deliberate Indifference To A Serious Medical Need**

To state a claim for deliberate indifference to serious medical needs, a prisoner must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. <u>Morgan v. Morgensen</u>,

6

1   465 F.3d 1041, 1045 (9th Cir. 2006).   There must be a purposeful

2   act or failure to act on the part of the official resulting in

3   harm to Plaintiff.   See Jett v. Penner, 439 F.3d 1091, 1096 (9th

4   Cir. 2006).   Deliberate indifference "'entails something more

5   than mere negligence.'"   Hearns v. Terhune, 413 F.3d 1036, 1040

6   (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 835

7   (1994)); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th

8   Cir. 1990) ("[M]ere malpractice, or even gross negligence," in

9   the provision of medical care does not establish a constitutional

10  violation).

11

12      Plaintiff's allegations fail to state a claim for deliberate

13  indifference against Dr. Fitter.   Plaintiff asserts that medical

14  records that Fitter received showed that Plaintiff had an "open

15  wound and should not apply pressure on [his] right leg," yet the

16  day after the incident, Fitter refused to "stitch [Plaintiff's]

17  wound causing [it] to become infected" and refused to order him a

18  walking cane.   (Complaint at 15-17).   However, according to

19  Plaintiff's exhibits, on the day of the incident, Plaintiff

20  received treatment for his injury initially at the Prison, but

21  then was transported to an outside medical facility for a higher-

22  level of care.   (Id. at 29-36).   Plaintiff's allegations do not

23  satisfy the elements for a deliberate indifference claim.

24  Plaintiff must allege, if he can, facts showing that Fitter was

25  aware that denying Plaintiff stitches and a cane posed a serious

26  risk of harm, if indeed Plaintiff was transferred immediately to

27  an outside medical facility, and that Fitter purposefully failed

28

1   to respond to this serious medical need. Accordingly, the

2   Complaint must be dismissed, with leave to amend.

3

4   **C.   The Complaint Fails To State A Claim For A Fourteenth**

5        **Amendment Violation**

6

7        The gravamen of Plaintiff's second claim appears to be that

8   his due process rights were violated when Defendants failed to

9   comply with certain state prison policies, procedures or rules.

10  (Id. at 19-23). Plaintiff's allegations regarding this claim are

11  not entirely clear. In any amended complaint, Plaintiff shall

12  clarify the particular policy violated and how such violation

13  states a cause of action against Defendants.

14

15       The mere violation of state prison protocols is not

16  actionable under § 1983. See Sandin v. Conner, 515 U.S. 472, 484

17  (1995) (holding state-created liberty interests protected by the

18  Due Process Clause are "limited to freedom from restraint" that

19  "imposes atypical and significant hardship on the inmate in

20  relation to the ordinary incidents of prison life.). To state a

21  claim under § 1983, "a plaintiff must allege the violation of a

22  right secured by the Constitution and laws of the United States,

23  and must show that the alleged deprivation was committed by a

24  person acting under color of state law." West v. Atkins, 487

25  U.S. 42, 48 (1988) (citations omitted). Plaintiff's allegations

26  are confusing and unclear, as he mixes allegations of law with

27  various unrelated facts. The Court cannot determine the nature

28

of his due process claims.  Accordingly, Plaintiff's second claim must be dismissed, with leave to amend.

**D.    The Complaint Fails To Satisfy Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, (2007).  Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct."  A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint.  Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Here, the Complaint does not comply with the standards of Rule 8.  The Complaint contains redundant and unnecessary details about the circumstances of the incident and conclusory allegations.  Plaintiff also fails to present all his claims in the body of the Complaint or on consecutive pages.  (Complaint at 5, 11-23).  Although Plaintiff utilizes the standard form for civil rights complaints (id. at 1-6), it is followed by four pages from Plaintiff's administrative appeal (id. at 10), then twelve pages of legal argument containing the principal source of Plaintiff's two claims (id. at 11-23) and thirteen pages of

exhibits (id. at 24-36).   It is also unclear why Petitioner attaches the four pages from his administrative appeal following the civil rights complaint form.   Further, because Plaintiff is not required to provide evidence to support his claims at this state of the litigation, the exhibits attached to the complaint are unnecessary.   Consequently, the Complaint fails to provide a simple, concise and direct statement of the violation alleged to allow a defendant to have fair notice of the claim against him and the ability to adequately respond.   See Twombly, 550 U.S. at 555.

Accordingly, the Complaint is dismissed with leave to amend. Should Plaintiff choose to file an Amended Complaint, Plaintiff is advised to, present all his claims in the body of the Complaint and on continuous pages, separate each claim, clearly identify the nature of the legal claims he is bringing, the specific facts giving rise to his claims against each individual Defendant, and the relief sought.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend.   If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint.   In any amended complaint, the Plaintiff shall cure the defects described above.   **Plaintiff shall not include new**

10

**defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil**

1    **Procedure 41(b). <u>Plaintiff is further advised that if he no</u>**

2    **<u>longer wishes to pursue this action, he may voluntarily dismiss</u>**

3    **<u>it by filing a Notice of Dismissal in accordance with Federal</u>**

4    **<u>Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is</u>**

5    **<u>attached for Plaintiff's convenience.</u>**

6

7    DATED:  December 22, 2015

8                               <u>        /S/             </u>
                             SUZANNE H. SEGAL

9                                 UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28